IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS HEALTH AND WELFARE<br>   FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS PENSION AND ANNUITY<br>   FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS SAVINGS FUND OF<br>   PHILADELPHIA AND VICINITY<br>CARPENTERS JOINT APPRENTICE COMMITTEE<br>CARPENTERS INTERNATIONAL TRAINING FUND,<br>   and<br>JOHN BALLANTYNE, in his official capacity<br>   as a fiduciary,<br>1811 Spring Garden Street<br>Philadelphia, PA  19130<br><br>   and<br><br>THE NORTHEAST REGIONAL COUNCIL OF<br>   CARPENTERS, F/K/A METROPOLITAN<br>   REGIONAL COUNCIL OF THE UNITED<br>   BROTHERHOOD OF CARPENTERS AND<br>   JOINERS OF AMERICA<br>1803 Spring Garden Street<br>Philadelphia, PA 19130<br><br>   and<br><br>RESILIENT FLOORING ASSOCIATION<br>   as holder of an Industry Advancement Program<br>3520 Grays Ferry Avenue<br>Philadelphia, PA 19146<br><br>                Plaintiffs,<br><br>   v.<br><br>GASPER'S SUPERIOR FLOORING, LIMITED<br>   LIABILITY COMPANY, d/b/a GASPER<br>   SUPERIOR FLOORING LLC, d/b/a GASPER'S<br>   SUPERIOR FLOORING<br>306 Coral Avenue<br>Mount Laurel, NJ 08054<br><br>                Defendant. | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee and the Carpenters International Training Fund f/k/a National Apprenticeship and Health and Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee" and "CITF") (collectively "ERISA Funds"), are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3).

5. Plaintiff, The Northeast Regional Council of Carpenters f/k/a Metropolitan

Regional Council of the United Brotherhood of Carpenters and Joiners of America ("Council" or "Union"), is an unincorporated association(s) commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of Defendant (as defined herein) who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

6. Plaintiff, Resilient Flooring Association is a Pennsylvania non-profit corporation. It holds and administers an Industry Advancement Program ("RFIAP"), an account established by the collective bargaining agreement, for the purpose of promoting, advancing and protecting the industry.

7. The ERISA Funds maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania. The amounts sought in this complaint are billed and payable to the Plaintiffs' office in this district.

8. Plaintiff, John Ballantyne ("Ballantyne"), is a trustee and fiduciary with respect to the Welfare Fund, Savings Fund, Pension Fund and Apprentice Committee within the meaning of 29 U.S.C. § 1002(21) with a business address as listed in the caption of this complaint. He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund, Savings Fund and Apprentice Committee. Ballantyne is Executive Secretary-Treasurer of the Council and is authorized to bring this action on behalf of the Union to collect all monies due and owing to them, including job recovery dues. The Union and/or Welfare Fund is an authorized collections fiduciary for CITF.

9. Ballantyne and the ERISA Funds are the authorized collection agents for the Union, CITF and the RFIAP.

10.     Defendant, Gasper's Superior Flooring, Limited Liability Company, d/b/a Gasper Superior Flooring LLC, d/b/a Gasper's Superior Flooring ("Gasper's Flooring" or "Company") is a New Jersey limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption of this complaint.  The Company does business with the ERISA Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the ERISA Funds' office(s) in this district.

## COMMON FACTS

11.     At all times relevant to this action, Defendant is party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").  The negotiation, administration and/or performance under this contract in this district is a substantial part of the events or omissions giving rise to the claims in this complaint.  A true and correct copy of the Labor Contract signature page and relevant provisions of the Labor Contract is attached hereto as Exhibit 1.

12.     Defendant also signed or agreed to abide by the terms of the agreements and declarations of trust of the ERISA Funds ("Trust Agreements"), as from time to time amended. The Trust Agreements were made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

13.     Under the Labor Contract or Trust Agreements, Defendant agreed:

(a)     To make full and timely payments to the ERISA Funds and the Union, as required by the Labor Contract;

(b)     To file remittance reports detailing all employees or work for which

contributions were required under the Labor Contract;

(c) To produce, upon request, individually or jointly, all books and records deemed necessary to conduct an audit of Company's records concerning its obligations to the Plaintiffs; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a consequence of Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

(e) To pay wages, dues and other amounts withheld from employee pay in accordance with the terms of the Labor Contract.

14. Upon information and belief, Defendant failed to make contributions as required under the Labor Contract or Trust Agreements for the period August 2016 through November 2016.

15. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendant. Defendant has failed in its self-reporting duties.

16. The Plaintiffs sent an audit request letter to the Defendant on January 16, 2017, with a requested audit period of September 2, 2016 through the then present date to determine the precise amount owing for that same period. Defendant failed to comply with the audit request, refused to provide the Plaintiffs with any relevant business records and has otherwise concealed and obstructed discovery. A true and correct copy of the audit request letter is attached hereto as Exhibit 2.

17. All conditions precedent to the injunctive relief or other claims in this complaint

have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS
### v.
### DEFENDANT

18. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. Based upon presently available information, Defendant owes the Plaintiffs at least $65,281.89 due under the Labor Contract and Trust Agreements. *See* Exhibit 3.

20. Defendant has not paid Plaintiffs as required by the Labor Contract and Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) enter judgment against Defendant and in favor of Plaintiffs for at least $65,281.89, plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements; and

(2) grant such other or further legal or equitable relief as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS
### v.
### DEFENDANT

21. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

22.     Based upon presently available information, Defendant has failed to pay at least $56,901.75 to the ERISA Funds in violation of 29 U.S.C. § 1145.

23.     The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court.

(1)     enter judgment against Defendant and in favor of the ERISA Funds for at least $56,901.75, plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment; and

(2)     grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

**PLAINTIFFS
v.
DEFENDANT**

24.     The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

25.     Defendant is obligated to permit Plaintiffs to audit the Company's books and records, and to cooperate in determining the contributions due the Plaintiffs.

26.     The amount of contributions Defendant is required to pay Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

27. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendant.

28. Defendant is required by the Labor Contract, Trust Agreements and/or applicable law to permit Plaintiffs to audit Company's records and to cooperate in determining the contributions due the Plaintiffs.

29. Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself and therefore require an audit.

30. All conditions precedent to the equitable relief requested have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of Defendant and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2) grant such other or further legal or equitable relief as may be just, necessary or appropriate.

### COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANT**

31. The allegations of Paragraphs 1 through 17 and Paragraphs 25 through 30 are incorporated by reference as if fully restated.

32. On information and belief, Defendant has failed to remit contributions to

Plaintiffs as required by the Labor Contract and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

33. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Defendant.

34. On information and belief, Plaintiffs have been damaged by the failure of the Defendant to make contributions as required by its Labor Contract and Trust Agreements.

**WHEREFORE**, the Plaintiffs ask that the Court:

(1) after an audit, enter judgment against the Defendant and in favor of the Plaintiffs individually, for the amount of contributions found to be due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract and Trust Agreements; and

(2) grant such other or further legal or equitable relief as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**ERISA FUNDS**
**v.**
**DEFENDANT**

35. The allegations of Paragraphs 1 through 17 and Paragraphs 25 through 30 are incorporated by reference as if fully restated.

36. On information and belief, Defendant has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

37. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Defendant.

38. On information and belief, the ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, the ERISA Funds ask that the Court:

(1) after an audit, enter judgment against the Defendant and in favor of the ERISA Funds, jointly and severally, for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment; and

(2) grant such other or further legal or equitable relief as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: *Daniel F. Keenan*
DANIEL KEENAN (ID. NO. 323049)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0669
dkeenan@jslex.com/usdc-edpa-erisa@jslex.com

Date: 6/28/17

Attorney for Plaintiffs